8    UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT ZOLENSKY II,                    No. 2:16-cv-0788-KJM-KJN

12              Plaintiff,

13        v.                                ORDER

14   AMERICAN MEDFLIGHT, INC.,

15              Defendant.

16

17        On April 13, 2017, this case was before the undersigned to address defendant American

18   Medflight, Inc.'s ("defendant") motion to compel plaintiff Robert Zolensky II ("plaintiff") to

19   produce documents.  (ECF No. 28.)  Attorneys Lisa Borodkin and Damion Robinson appeared

20   telephonically on behalf of plaintiff.  Attorney Anthony Hall appeared on behalf of defendant.

21        Based on defendant's motion, defendant's memorandum of points and authorities

22   regarding this discovery dispute, no opposition having been filed, other relevant filings, and oral

23   arguments, IT IS HEREBY ORDERED that:

24        1. Defendant's motion to compel (ECF No. 28) is GRANTED.

25        2. Plaintiff shall promptly produce any phone records responsive to defendant's Request

26           for Production number 23 it obtains through the subpoena it served on Verizon

27

28

1. Communications, Inc. on March 30, 2017.[1]

3. Plaintiff's counsel shall contact the medical records custodian at the particular Kaiser Permanente facility or facilities that plaintiff attended for his medical care and confirm with that custodian both that the subpoena plaintiff served on Kaiser Permanente International is the correct channel for obtaining plaintiff's medical records responsive to defendant's requests for production brought into issue by defendant's present motion, and whether there are any other methods for obtaining such records on a timeline shorter than that provided by plaintiff's subpoena. Plaintiff's counsel shall contact defendant's counsel by no later than April 17, 2017, to provide him with the information plaintiff obtained as a result of this investigation. After plaintiff obtains any of the medical records responsive to defendant's requests for production currently at issue, plaintiff shall promptly produce such documents to defendant.

4. The court declines to address the parties' additional issue relating to whether defendant has waived the attorney-client privilege and/or work product protection with regard to certain documents it is withholding on those bases because that issue is not ripe at this juncture.[2] The court will address the issue, if necessary, if the parties properly present it after defendant has filed an answer to plaintiff's recently-filed first amended complaint.

5. The court declines to modify the pretrial schedule at this time. As discussed during the hearing, the parties are encouraged to meet and confer regarding how much time they believe they will need to complete any further discovery, and resolve their remaining discovery disputes. As part of that meet and confer effort, the parties should endeavor to reach a stipulation to modify the current pretrial scheduling order,

---

[1] This means that plaintiff should produce any such documents to defendant as soon as he receives them from Verizon Communications, Inc., even if he receives such documents on a rolling basis.

[2] Similarly, for the reasons provided in the court's April 7, 2017 minute order, the court declines to address the parties' additional discovery issues raised in plaintiff's improperly noticed motion to compel filed on April 6, 2017, as of this time.

and then present that stipulation to the court.[3]

IT IS SO ORDERED.

Dated: April 17, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] As discussed during the hearing, the parties will need to notice such a stipulation before the presiding district judge if the modified dates they propose will impact the balance of the schedule of this action. (See ECF No. 23 at 9.)